UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  11/30/2020
```

---------------------------------------------------------------------X
:
In re: :
:
CARMINE P. AMELIO, :
:                          20 Civ. 3080 (JPC)
                                  Debtor. :
:                          OPINION AND ORDER
:
---------------------------------------------------------------------X
:
CARMINE P. AMELIO, :
:
                                  Appellant. :
:
:
            -v- :
:
DEBORAH J. PIAZZA, :
:
                                  Appellee. :
:
---------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

        Before this Court is the sixth appeal that Debtor-Appellant Carmine P. Amelio ("Debtor")

has filed over the past two years in this District relating to his underlying bankruptcy case.[1]  As

reflected in the Notice of Appeal, Debtor appeals a docket entry that was entered in the United

States Bankruptcy Court for the Southern District of New York on March 23, 2020, which noted

the closure of an adversary proceeding (the "Adversary Proceeding") brought by the Chapter 7

Trustee in Debtor's bankruptcy case, Appellee Deborah J. Piazza ("Trustee").  The Adversary

---

[1] The Honorable George B. Daniels, United States District Judge for the Southern District
of New York, denied the prior five appeals.  In the first three appeals, the Bankruptcy Court's
decisions were affirmed by *Amelio v. Piazza*, Nos. 18 Civ. 8769 (GBD), 18 Civ. 11420 (GBD), 19
Civ. 314 (GBD), 2019 WL 5199600 (S.D.N.Y. Aug. 27, 2019).  In the fourth and fifth appeals,
the Bankruptcy Court's orders were affirmed by *Amelio v. Piazza*, Nos. 19 Civ. 5944 (GBD), 19
Civ. 7091 (GBD), 2020 WL 5535241 (S.D.N.Y. Sept. 15, 2020).

Proceeding's closure followed a January 21, 2020 order of the Bankruptcy Court denying Debtor a discharge pursuant to 11 U.S.C. § 727.  Trustee moves to dismiss this appeal for lack of jurisdiction.

Because this Court finds that the appealed docket entry is not a final order pursuant to 28 U.S.C. § 158(a)(1), and because after liberally construing this *pro se* appeal, this Court further finds that the time to appeal the Bankruptcy Court's order denying discharge had expired by the time Debtor filed his Notice of Appeal, Debtor's appeal is dismissed for lack of appellate jurisdiction.

## I.     Background

### A.     The Underlying Bankruptcy Proceeding

On September 1, 2017, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.[2] Bankr. Dkt. 1.[3]  On April 30, 2018, the Standing Chapter 13 Trustee filed a motion to dismiss Debtor's bankruptcy proceeding, on the basis that (1) Debtor's unreasonable delay, along with the lack of information to support his ability to confirm a Chapter 13 plan, was prejudicial to his creditors; and (2) the twenty-two properties Debtor listed in his assets and liabilities schedules reflect a total debt that placed Debtor over the eligibility limit for Chapter 13 protection.  Bankr. Dkt. 88.  On May 22, 2018, the Honorable Cecilia G. Morris, Chief Judge of the United States

---

[2] Debtor's September 1, 2017 bankruptcy filing came on the heels of the dismissal of a prior Chapter 13 proceeding that he brought.  That prior case was filed on April 28, 2017, and was dismissed on August 14, 2017.  *See In re Amelio*, No. 17-11167 (CGM) (Bankr. S.D.N.Y.), Dkts. 1, 28.

[3] Citations to "Dkt." refer to the docket of the instant appeal, *In re Amelio*, No. 20 Civ. 3080 (JPC) (S.D.N.Y.); citations to "Adv. Proc. Dkt." refer to the docket of the Adversary Proceeding, *Piazza v. Amelio*, No. 19-1089 (CGM) (Bankr. S.D.N.Y.); and citations to "Bankr. Dkt." refer to the docket of the Adversary Proceeding's underlying bankruptcy case, *In re Amelio*, No. 17-12482 (CGM) (Bankr. S.D.N.Y.).

Bankruptcy Court for the Southern District of New York, entered an order converting Debtor's case from Chapter 13 to Chapter 7 pursuant to 11 U.S.C. § 1307(c).  Bankr. Dkt. 97.

By order dated August 3, 2018, Judge Morris appointed Trustee as the permanent Chapter 7 Trustee of Debtor's bankruptcy case.  Bankr. Dkt. 130.  Debtor then filed multiple motions for Judge Morris's recusal, which Judge Morris denied on November 14, 2018.  Bankr. Dkt. 252 (denying Bankr. Dkts. 191, 227, 230).  Debtor has also filed numerous motions to vacate orders of the Bankruptcy Court, all of which were denied by Judge Morris.  *See* Bankr. Dkt. 177 (denying Bankr. Dkt. 29), Bankr. Dkt. 117 (denying Bankr. Dkt. 104), Bankr. Dkt. 152 (denying Bankr. Dkt. 131), Bankr. Dkt. 273 (denying Bankr. Dkt. 155), Bankr. Dkt. 346 (denying Bankr. Dkt. 287), Bankr. Dkt. 454 (denying Bankr. Dkt. 449), Bankr. Dkt. 455 (denying Bankr. Dkt. 450), Bankr. Dkt. 505 (denying Bankr. Dkt. 488).

Additionally, while his underlying bankruptcy case was pending, Debtor commenced bankruptcy proceedings in two other neighboring districts.  The first was brought in the District of New Jersey, almost immediately after Judge Morris entered a January 8, 2019 order granting relief from automatic stay to allow foreclosure of certain property that Debtor owned in Hoboken, New Jersey.  Bankr. Dkt. 327.  Debtor owned that Hoboken property through a single member limited liability company named Ironhouse LLC ("Ironhouse").  *See* Bankr. Dkt. 342 (Judge Morris finding that Debtor "is the sole member of the Ironhouse Limited Liability Company, the fee owner of the Property").  On January 9, 2019, one day after the stay relief order, Debtor filed on behalf of Ironhouse a Chapter 11 case in the United States Bankruptcy Court for the District of New Jersey.  *In re Ironhouse LLC*, No. 19-10568 (VFP) (Bankr. D.N.J.), Dkt. 1.  Because Debtor was Ironhouse's sole member, only Trustee, "the effective owner and controller of [Debtor's] ownership interest in . . . properties that he has," had the authority at that time to file a bankruptcy

case on behalf of Ironhouse.  *Id.*, Dkt. 36 at 66-67.  The District of New Jersey Bankruptcy Court

dismissed Debtor's case on February 27, 2019.  *Id.*, Dkt. 35.

On February 28, 2019, the day after his bankruptcy case in the District of New Jersey was

dismissed, Debtor filed another Chapter 11 proceeding—this time in the United States Bankruptcy

Court for the District of Connecticut.  *In re Amelio*, No. 19-50262 (JAM) (Bankr. D. Conn.),

Dkt. 1.  Trustee has alleged that Debtor filed this District of Connecticut Chapter 11 petition to

obtain an automatic stay, *see* 11 U.S.C. § 362, thereby further delaying foreclosure approvals

before Judge Morris.  Adv. Proc. Dkt. 1 at ¶¶ 70-72.  The District of Connecticut Bankruptcy Court

proceeding was dismissed on April 16, 2019, after that court found that "the Debtor has failed to

show cause why he may maintain more than one petition under any chapters of the United States

Bankruptcy Code."  *In re Amelio*, No. 19-50262 (JAM) (Bankr. D. Conn.), Dkt. 48 at 2.

### B.    Trustee's Adversary Proceeding Against Debtor

On March 14, 2019, following Debtor's filings in bankruptcy courts in the Districts of New

Jersey and Connecticut, Trustee filed the Adversary Proceeding against Debtor, from which this

appeal stems.  *See Piazza v. Amelio*, No. 19-1089 (CGM) (Bankr. S.D.N.Y.), Dkt. 1.  In the

Adversary Proceeding, Trustee sought (1) an injunction enjoining Debtor from making further

filings in his Southern District New York bankruptcy case, or in other bankruptcy courts while the

Southern District of New York bankruptcy case is pending, without written permission from the

Bankruptcy Court and (2) an order denying Debtor a discharge pursuant to 11 U.S.C. § 727.  Adv.

Proc. Dkt. 1 at ¶ 2.  Trustee alleged that Debtor "unrelenting[ly] abuse[d] and misuse[d] [ ] the

bankruptcy process," and has "engaged in vexatious and frivolous litigation in this and other

bankruptcy courts, in state courts, in three appeals to the United States District Court for the

Southern District of New York [and] . . . in an appeal to the United States District Court for the District of New Jersey." Adv. Proc. Dkt. 2 at ¶ 1.

### C.    The Bankruptcy Court's Preliminary and Permanent Filing Injunctions Against Debtor

On March 22, 2019, Judge Morris issued an Order to Show Cause as to why she should not issue a preliminary filing injunction against Debtor. Adv. Proc. Dkt. 9 at 2-3. By the same order, Judge Morris entered a temporary restraining order ("TRO") enjoining Debtor from making further filings without leave of court, after taking notice of a state court lawsuit filed by Debtor against one of Trustee's attorneys. *Id.* at 3. On June 3, 2019, Judge Morris entered a preliminary filing injunction, finding that Debtor violated the TRO by filing yet another Chapter 13 case in the District of New Jersey[4] and that, unless constrained by the injunction, Debtor will "continue to engage in vexatious litigation for no reason other than to cause additional and unnecessary legal fees and with no other valid purpose." Adv. Proc. Dkt. 23 at 3-4.[5]

After Judge Morris ordered the preliminary filing injunction, Debtor filed two actions in the United States District Court for the Southern District of New York, alleging a variety of civil and constitutional rights violations committed by Judge Morris. One of the actions also named as defendants the Clerk of the Bankruptcy Court, Trustee, Trustee's law firm, and other attorneys at that firm. *Amelio v. Morris*, No. 19 Civ. 8696 (JPO) (S.D.N.Y.); *Amelio v. Morris*, No. 19 Civ. 4488 (NSR) (S.D.N.Y.). Both cases were promptly dismissed. In the multi-defendant case, the

---

[4] This time, Debtor filed a bankruptcy case in the District of New Jersey in his individual capacity. *See In re Amelio*, No. 19-19520 (SLM) (Bankr. D.N.J.). That case was dismissed on June 19, 2019, after the District of New Jersey Bankruptcy Court "determined, among other things, that the Debtor filed the above-captioned case in bad faith and in violation of the [TRO] entered by the SDNY Bankruptcy Court on March 22, 2019 . . . ." *Id.*, Dkt. 28 at 2.

[5] The preliminary injunction was affirmed on appeal by Judge Daniels. *Amelio*, 2020 WL 5535241, at *3-5.

Honorable J. Paul Oetken, United States District Judge for the Southern District of New York, warned Debtor that "further duplicative or frivolous litigation in this Court will result in an order barring Plaintiff from filing any new civil actions in this Court that are collaterally related to his bankruptcy proceedings without prior permission." *Amelio v. Morris*, No. 19 Civ. 8696 (JPO), 2019 WL 5294931, at *3 (S.D.N.Y. Oct. 18, 2019).[6]

On September 17, 2019, a few months after Debtor's two Southern District of New York civil suits were dismissed, Judge Morris held Debtor in contempt for violations of court orders, false statements and submissions, and obstruction of legal proceedings.  Adv. Proc. Dkt. 50.  Judge Morris awarded a $157,195 judgment in favor of Trustee for legal fees incurred due to Debtor's frivolous proceedings.  Adv. Proc. Dkt. 55.  On October 17, 2019, Trustee filed a separate adversary proceeding, seeking extension of the preliminary filing injunction, among other relief. *Piazza v. Amelio*, No. 19-1376 (CGM) (Bankr. S.D.N.Y.), Dkts. 1, 2.  In support of this relief, Trustee outlined a series of allegedly frivolous and meritless proceedings filed by Debtor, several of them in contravention of the Bankruptcy Court's filing injunction, as well as several allegedly contemptuous acts committed by Debtor throughout his bankruptcy proceedings.  *Id.*, Dkt. 2 at ¶¶ 5, 9.[7]

---

[6] On June 7, 2019, the Honorable Nelson S. Roman, United States District Judge for the Southern District of New York, dismissed Debtor's other suit against Judge Morris on judicial immunity grounds.  *Amelio*, No. 19 Civ. 4488, Dkt. 5 at 2-3.

[7] Trustee identified the following as purportedly frivolous and meritless proceedings commenced by Debtor: his prior Chapter 13 case in the Bankruptcy Court for the Southern District of New York (dismissed on August 14, 2017); the Ironhouse Chapter 11 case filed in the District of New Jersey Bankruptcy Court (dismissed on February 27, 2019); his Chapter 11 case filed in the District of Connecticut Bankruptcy Court (dismissed on April 16, 2019); his Chapter 13 case filed in the District of New Jersey Bankruptcy Court (dismissed on June 19, 2019); his small claims court action (dismissed in November 2018); and his three adjudicated appeals of orders issued by Judge Morris (all of which were denied by Judge Daniels).  *Amelio*, No. 19-1376, Dkt. 2 at ¶ 5. Trustee further identified the following purportedly contemptuous acts committed by Debtor: his

Based on the grounds identified by Trustee, on January 21, 2020, Judge Morris expanded the preliminary filing injunction to a permanent filing injunction. *Id.*, Dkt. 13. That order permanently enjoined Debtor and his agents and representatives:

    i.      from making any further motions and/or filings in this case without first obtaining written permission from [the Bankruptcy Court];

    ii.     from filing or causing to be filed (while this case is pending) any bankruptcy cases, in this or any other bankruptcy court, on behalf of himself as a debtor, without first obtaining written permission from [the Bankruptcy Court];

    iii.    from filing or causing to be filed (while this case is pending) any bankruptcy cases, in this or any other bankruptcy court, on behalf of any person or entity claiming to hold an interest in any property of the Debtor's estate, without first obtaining permission from [the Bankruptcy Court]; and

    iv.    from filing or causing to be filed (while this case is pending) any pleading, motion or other document seeking relief against any of the Trustee Parties or any of the Trustee's other retained professionals (including but not limited to attorneys and real estate brokers) in any state or federal court, without first obtaining permission from this Court[.]

*Id.* at 2-3.

### D.    The Bankruptcy Court's Discharge Denial Order

On December 13, 2019, Trustee moved in the Adversary Proceeding for an order denying Debtor's discharge based on several of the alternative claims under 11 U.S.C. § 727. Adv. Proc. Dkt. 79. On January 21, 2020, Judge Morris granted Trustee's requested relief, denying Debtor's discharge pursuant to §§ 727(a)(4)(A), 727(a)(6), and 727(a)(7) ("Discharge Denial Order"). Adv. Proc. Dkt. 86.[8] With no further relief being sought by Trustee in the Adversary Proceeding, the

---

willful violations of 11 U.S.C. § 362(a)(3) by taking acts to exercise control of property of the estate; his violations of two Sale Orders that Judge Morris entered after finding him to be the owner of the properties; and his violations of Judge Morris's March 22, 2019 TRO. *Id.* at ¶ 9.

    [8] Section 727 establishes a presumption of debtor discharge, with several exemptions that mandate that a court deny discharge, including, as applicable in this case, if "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account," 11 U.S.C. §

Bankruptcy Court entered a docket entry on March 23, 2020, noting the closure of the Adversary Proceeding.[9]

### E.      The Instant Appeal

Debtor filed his Notice of Appeal on April 6, 2020, seeking review of the docket entry reflecting the closure of the Adversary Proceeding.  Adv. Proc. Dkt. 89.  Specifically, the Notice of Appeal describes the judgment, order, or decree appealed from as:

> *Order#1* - Order Terminating this Adversary Proceeding – "Adversary Case 1:19-ap-1089 Closed. This Adversary Proceeding is Closed Subject to the Filing of a Notice of Appeal Within Fourteen (14) Days of the Entry of the Order Terminating this Adversary Proceeding. (DeCicco, Vincent) (Entered: 03/23/2020)" [Bankr. Adv. Pro. No. 19-01089 Docket No. NA- No written order entered]

*Id.* at 1.

Trustee filed the instant motion to dismiss on September 16, 2020.  Dkt. 5.  Debtor filed an opposition on September 28, 2020, Dkt. 8, and Trustee replied on October 2, 2020, Dkt. 9.

### II.      Discussion

### A.      This Court's Appellate Jurisdiction over Bankruptcy Orders

Title 28, United States Code, Section 158(a) grants district courts appellate jurisdiction over certain orders of the bankruptcy courts.  *See In re Arochem Corp.*, 176 F.3d 610, 618 (2d Cir.

---

727(a)(4)(A); if the debtor has refused "to obey any lawful order of the court, other than an order to respond to a material question or to testify," *id.* § 727(a)(6)(A); and if "the debtor has committed any act specified in [several of the preceding paragraphs of the subsection,] on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider," *id.* § 727(a)(7).

[9] The docket entry followed a March 17, 2020 letter from Trustee's counsel to Judge Morris, noting that the Discharge Denial Order was entered on January 21, 2020 and requesting that the Adversary Proceeding be closed.  Adv. Proc. Dkt. 88.

1999).  Under § 158(a)(1), a party may appeal a final order of a bankruptcy court as of right.[10]  An order is deemed final for purposes of § 158(a)(1) if it "completely resolve[s] all of the issues pertaining to a discrete claim, including issues as to the proper relief."  *In re Prudential Lines, Inc.*, 59 F.3d 327, 331 (2d Cir. 1995) (quoting *In re Integrated Res., Inc.*, 3 F.3d 49, 53 (2d Cir. 1993)).  If this Court lacks appellate jurisdiction over a bankruptcy appeal, the action must be dismissed.  *See, e.g.*, *In re Club Ventures Invs. LLC*, 507 B.R. 91, 96 (S.D.N.Y. 2014) (citing *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003)).

## B.     The Docket Entry Appealed by Debtor Is Not A Final Order

Trustee argues that jurisdiction is lacking because Debtor does not seek review of any appealable order of the Bankruptcy Court, but rather he seeks review of a docket entry memorializing the closure of the Adversary Proceeding.  Appellee's Motion to Dismiss Appeal, Sept. 16, 2020, Dkt. 5 at ¶ 7.  The Court agrees that the docket entry appealed by Debtor is not a final order for purposes of § 158(a)(1).

This Court has jurisdiction over immediate appeals of "orders that finally dispose of discrete disputes within the larger case."  *In re Fugazy Express, Inc.*, 982 F.2d 769, 775 (2d Cir. 1995) (emphasis omitted) (quoting *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1283 (2d Cir. 1990)); *see In re Lehman Bros. Holdings Inc.*, 697 F.3d 74, 77 (2d Cir. 2012) (explaining that finality in bankruptcy proceedings "is more flexible than in other civil litigation . . . .  [b]ecause bankruptcy cases frequently entail protracted proceedings involving many parties").  To be appealable, a dispute must be a "claim on which relief may be granted."  *In re Fugazy Express Inc.*, 982 F.2d at

---

[10] Non-final orders, however, may be appealed only with leave of the district court pursuant to § 158(a)(3).  Since Debtor has not been granted leave to file the instant appeal, Debtor can only appeal from a final order for this Court to have jurisdiction.

775-76.  Yet, at the time the docket entry here was entered on March 23, 2020, no "dispute" remained in the Adversary Proceeding.

In the Adversary Proceeding, Trustee sought two forms of relief: (1) injunctive relief in the form of a preliminary and permanent injunction enjoining Debtor from further bankruptcy filings without leave of the Bankruptcy Court and (2) an order denying Debtor a discharge pursuant to various alternative provisions of 11 U.S.C. § 727.  Adv. Proc. Dkt. 1 at ¶ 1.  As of January 21, 2020, and about two months before entry of the docket notation which Debtor seeks to appeal, Judge Morris granted the entirety of the relief sought.  First, on June 3, 2019, Judge Morris granted Trustee's request for a preliminary filing injunction.  Adv. Proc. Dkt. 23 at 3-4.  Subsequently, on January 21, 2020 in a separate adversary proceeding, Judge Morris issued a permanent filing injunction as to Debtor.  *Piazza v. Amelio,* No. 19-1376 (CMG) (Bankr. S.D.N.Y.), Dkt. 13 at 2-3.  Lastly, and also on January 21, 2020, Judge Morris granted the other remaining request for relief in the Adversary Proceeding by issuing an order denying Debtor a discharge pursuant to § 727.  Adv. Proc. Dkt.  86.

Thus, there were no "issues pertaining to [ ] discrete claim[s]" or "issues as to the proper relief," *In re Prudential Lines, Inc.*, 59 F.3d at 331, before the Bankruptcy Court when the docket entry noting the closure of the proceeding was entered.  While the docket entry mentions the fourteen-day appeal period in what appears to be standard language used to mark the closure of an adversary proceeding, that mention does not convert the docket entry into a final, appealable order over which this Court has jurisdiction.  The status of the parties both before and after the docket entry remained the same.  *See Bullard v. Blue Hills Bank*, 135 S.Ct. 1686, 1692 (2015) (reasoning that an order denying a confirmation plan, as opposed to granting one, is not a final order as it does not "alter[] the status quo and fix[] the rights and obligation of the parties").  Nor did the docket

10

entry purport to dispose of issues or grant relief.  *See In re Carswell*, BAP No. CC-15-1100, 2015 WL 8775748, at *4-5 (B.A.P. 9th Cir. Dec. 11, 2015) (concluding that a docket entry closing an adversary proceeding was not a final order as it "had virtually none of the attributes of a final order or judgment" such as "dispositive language" similar to a dismissal order).

Rather than a final order that is appealable under § 158(a), the docket entry was an administrative task required by the resolution of all the claims at issue in the Adversary Proceeding. *See In re Wynn*, 778 F. App'x 40, 41 (2d Cir. 2019) (holding that bankruptcy order discharging a trustee after the debtor's case was converted from a Chapter 13 to a Chapter 7 proceeding was not a final order, and explaining it "was a ministerial task required" by the conversion); *In re Am. Preferred Prescription, Inc.*, 255 F.3d 87, 92-93 (2d Cir. 2001) (explaining that supplemental orders entered post-confirmation of a Chapter 11 plan are "generally appealable" unless they are "ministerial" or "administrative").

Appellate review of an administrative entry marking the closure of a proceeding would also frustrate both the text and the purpose of Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure.  Pursuant to Rule 8002(a)(1), "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."  Fed. R. Bank. P. 8002(a)(1).  The Advisory Committee's note to Rule 8002 explains that the Rule was an adaptation of Rule 4 of the Federal Rules of Appellate Procedure, but specifies a shorter period to appeal "in order to obtain prompt appellate review, often important to the administration of a case under the [Bankruptcy] Code."  *See* Fed. R. Bankr. P. 8002 advisory committee's note.  As the Supreme Court has explained, "[d]elaying appeals from discrete, controversy-resolving decisions in bankruptcy cases would long postpone appellate review of fully adjudicated disputes," and "[d]elaying appeal until the termination of the entire bankruptcy case . . . could have [ ] untoward

consequence[s] . . . [such as] unravel[ing] later adjudications rendered in reliance on an earlier decision." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S.Ct. 582, 587 (2020).  If an appeal of a docket entry stating the closure of a proceeding were to confer appellate jurisdiction on a district court to review prior orders in the case, Rule 8002's explicit terms and clear purpose would be rendered dead letter.  Parties would be able to easily evade Rule 8002(a)(1)'s fourteen-day deadline to appeal judgments, orders, and decrees, merely by seeking review of the docket entry closing the case, which could be months, if not years, after the appealable judgment, order, or decree had been entered in the proceeding.

Moreover, although not necessary to the Court's holding, it should be noted this particular debtor, while *pro se*, was clearly aware that a docket entry noting the termination of a proceeding was not a prerequisite for filing an appeal of a final order in this case.  In fact, he has done so numerous times throughout the course of these bankruptcy proceedings.  As mentioned above, Debtor has previously filed five timely appeals within Rule 8002(a)'s deadline, including with respect to the injunctive relief previously granted by Judge Morris in the same Adversary Proceeding.  *See supra* n.1.

The Court therefore finds that it lacks appellate jurisdiction to review the March 23, 2020 docket entry pursuant to 28 U.S.C. § 158(a)(1).

### C.    Any Appeal of the January 21, 2020 Discharge Denial Order Would Be Untimely

Because Debtor is proceeding *pro se*, the Court liberally construes his filings to "raise the strongest arguments that they suggest."  *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  While *pro se* litigants "should not be impaired by harsh applications of technical rules," *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983), a rule that limits

the jurisdiction of the court must be strictly enforced even when applied to *pro se* litigants, *see Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) ("Although we construe a *pro se* plaintiff's complaint liberally, a plaintiff attempting to bring a case in federal court must still . . . establish[] that the court has subject matter jurisdiction over the action.") (citation omitted); *Koso v. McCulloh*, No. 18 Civ. 7415 (JMA), 2019 WL 1748606, at *2 (E.D.N.Y. Apr. 18, 2019); *Ivers v. Ciena Cap. LLC*, No. 15 Civ. 7993 (RA), 2016 WL 1562943, at *1 (S.D.N.Y. Apr. 15, 2016); *see also Escoffier v. MFY Legal Servs.*, No. 13 Civ. 8089 (LGS), 2015 WL 221048, at *1 (S.D.N.Y. Jan. 15, 2015) ("Although pro se litigants' complaints should be liberally construed, jurisdictional requirements are not relaxed based on a litigant's pro se status.") (citations omitted).

The most liberal reading of the Notice of Appeal's citation to the docket entry noting the closure of the Adversary Proceeding is that Debtor sought to appeal the Bankruptcy Court's Discharge Denial Order.  In determining that Debtor's debts were nondischargeable, Judge Morris "conclusively adjudicated an entire claim upon which relief could be granted." *Salim v VW Credit, Inc.*, 577 B.R. 615, 623 (E.D.N.Y. 2017).  As such, the Discharge Denial Order was a final order which could have been appealed as that order resolved the debt discharge claim.  *See In re Kran*, 493 B.R. 398, 401-02 (S.D.N.Y. 2013) (reviewing a bankruptcy court's summary judgment order on denial of discharge), *aff'd*, 760 F.3d 206 (2d Cir. 2014); *Salim*, 577 B.R. at 623 (finding grant of partial summary judgment regarding debt discharge an appealable final order).

Even construing Debtor's appeal as a request for review of the January 21, 2020 Discharge Denial Order, however, appellate jurisdiction is still lacking.  Section 158(c)(2) provides that bankruptcy appeals must be filed within the time frames provided by Rule 8002 of the Bankruptcy Rules.  As noted previously, Rule 8002 specifies that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."

Fed. R. Bank. P. 8002(a)(1). This requirement is jurisdictional and is strictly enforced in this Circuit. *See In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) (per curiam) ("We therefore follow our sister circuits in holding that the time limit contained in Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'"). The time limits of Rule 8002(a) are enforced even in the context of *pro se* appellants. *See, e.g.*, *Ivers*, 2016 WL 1562943, at *1; *In re Affirmative Equities Co., L.P.*, No. 15 Civ. 2648 (CM), 2015 WL 4469309, at *1 (S.D.N.Y. July 21, 2015); *In re Residential Cap. LLC*, 519 B.R. 606, 610 (S.D.N.Y. 2014).

More than two months elapsed between the issuance of the Discharge Denial Order on January 21, 2020 and the filing of the Notice of Appeal on April 6, 2020. This is well beyond the fourteen-day jurisdictional time limit for an appeal set by Rule 8002(a)(1). *See Salim*, 577 B.R. at 623 (dismissing appeal filed more than fourteen days after entry of partial summary judgment as untimely). Nor did the docket entry closing the Adversary Proceeding toll or renew the appeal deadline for the Discharge Denial Order. *See In re Slimick*, 928 F.2d 304, 307 (9th Cir. 1990) ("[I]f, after filing a final disposition, a court files a more formal judgment, the latter does not constitute a second final disposition or extend the appeal period."); *In re Residential Cap., LLC*, No. 17 Civ. 7580 (LGS), 2018 WL 4179454, at *5 (S.D.N.Y. Aug. 31, 2018) ("Appellant cannot shoehorn a merits review into its appeal of the non-merits, two-page Closure Order . . . . The directive to the Clerk of Court to close the adversary proceeding is merely administrative."); *In re Han-Hsien Tuan*, No. 13 Civ. 324 (WJM), 2013 WL 5719505, at *3 (D.N.J. Oct. 21, 2013) ("[W]hen a court reenters a judgment without altering the substantive rights of the litigants, the entry of the second judgment does not affect the time within which a party must appeal the

decisions made in the first order.  Rather, the clock begins to tick when the first order is entered.")

(citation omitted).[11]

Rule 8002(d)(1) contains a narrow exception to the fourteen-day filing requirement, but

Debtor can find no relief there.  Rule 8002(d)(1) allows a bankruptcy court to extend the filing

deadline upon a party's motion that is filed "within the time prescribed by [Rule 8002]" or "within

21 days [of that 14-day deadline], if the party shows excusable neglect."  Fed. R. Bank. P.

8002(d)(1)(A)-(B); *see Pierre v. Aurora Com. Corp.*, 620 B.R. 210, 215-16 (S.D.N.Y. 2020); *In

re Charney*, No. 18 Civ. 6459 (VEC), 2019 WL 9244879, at *1 (S.D.N.Y. Apr. 2, 2019).  An

extension under Rule 8002(d)(1) is not available to render Debtor's appeal timely for several

independent reasons.  First, and most fundamentally, Debtor did not move before the Bankruptcy

Court to request an extension of time to appeal.[12]  Nor was anything filed in either the Bankruptcy

Court or this Court that can be construed as a request for such an extension.  Debtor has also failed

to articulate any grounds for an extension under Rule 8002(d)(1)(B)—let alone "excusable

---

[11] Rule 8002(b)(1) provides for the tolling of the time to appeal a final order if a party files a motion under Rule 7052, Rule 9023, or Rule 9024 and does so "within the time allowed by these rules."  Fed. R. Bank. P. 8002(b)(1).  All such motions, however, must be filed within fourteen days of the entry of judgment.  *See* Fed. R. Bank. P. 7052, 9023, 9024.  Debtor made no filings in the Adversary Proceeding between the Bankruptcy Court's entry of the Discharge Denial Order on January 21, 2020 and his filing of the Notice of Appeal on April 6, 2020.  Thus, Rule 8002(b)(1) is inapplicable.

[12] Before the 2014 amendments to the Bankruptcy Rules, some district courts in this Circuit reviewed an untimely notice of appeal, combined with evidence of intent to request an extension, to determine whether the district court may extend the appeal *nunc pro tunc* pursuant to Rule 8002. *See, e.g.*, *In re Soundview Elite Ltd*, 512 B.R. 155, 157 (S.D.N.Y. 2014).  The amended Rule 8002(d)(1), however, expressly states that it is the bankruptcy court which may grant the extension. Fed. R. Bank. P. 8002(d)(1) ("the bankruptcy court may extend the time to file a notice of appeal"); *see Todd v. Dribusch*, No. 20 Civ. 45 (GLS), 2020 WL 1434154, at *2 (N.D.N.Y. Mar. 24, 2020) (holding that a Rule 8002(d)(1) extension request "must be addressed by the Bankruptcy Court in the first instance").  The Court need not decide the issue of whether a district court may grant an extension *nunc pro tunc* pursuant to Rule 8002(d)(1), however, as Debtor neither requests an extension nor provides any justification for missing the fourteen-day deadline.

neglect" that would have permitted the Bankruptcy Court to extend his time to appeal within an additional twenty-one days.  Moreover, as noted above, without an extension contemplated by Rule 8002, this Court lacks appellate jurisdiction over an untimely bankruptcy appeal, even if the appellant is able to show "excusable neglect."  *In re Siemon*, 421 F.3d at 169.

Therefore, construing the Notice of Appeal as appealing the Discharge Denial Order does not save Debtor's instant action.  Since Debtor missed the fourteen-day window for appealing the January 21, 2020 Discharge Denial Order, and the Bankruptcy Court did not extend that deadline pursuant to Rule 8002(d)(1)(B), this Court would lack appellate jurisdiction to review the Discharge Denial Order in all events.  *See id.* at 169; *In re Sterling*, 690 F. App'x 747, 747-48 (2d Cir. 2017).

### III.    Conclusion

Accordingly, it is hereby ORDERED that Trustee's motion to dismiss this appeal for lack of jurisdiction is granted.  The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 5 and close this action.

SO ORDERED.

Dated: November 30, 2020
          New York, New York                          _____
                                                            JOHN P. CRONAN
                                                      United States District Judge

16